IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN BLAKENEY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No.  4:19-cv-79 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE TO THE GOVERNMENT'S SUR-REPLY**

COMES NOW movant, Steven Blakeney (Blakeney), by and through counsel, and hereby files his response to the government sur-reply (Doc.36) to his reply (Doc. 25).  In response, Blakeney states as follows:

The government contends that in his reply, Blakeney "leaves the Court with the incorrect impression that Gray testified that he made the decision to arrest Ford after reviewing the video and speaking only with Mario Samad." (Doc. 36 at 1).  The government arrives at this contention based on its own subjective interpretation of Anthony Gray's recent deposition.  Specifically, the government contends that Gray testified in his deposition that he spoke not only to Mario Samad, but also to his brother Sam.  *Id*.  While Gray did testify that he had contact with Mario and someone who "didn't speak very good English, " he did not remember who that was.  (Gray's Deposition, p. 15).  The government further

-1-

points to Gray's testimony that Mario was translating for "the other guy" and that Gray was having "a three-way discussion." (Doc. 36 at 1). The government puts great weight on Gray's testimony that his decision to arrest Ford was "based on what they told me." *Id.* at 2. A reading of the deposition testimony immediately preceding the use of the pronoun "they" indicates, however, that Gray's decision to charge Ford was based on whether Mario wanted to prosecute Ford as Gray had viewed the video with him. (Gray's Deposition, p. 27). Although Gray uses the pronoun "they" in his deposition, he had already testified that the brother did not speak English very well, and that he, alone, made the decision to charge Ford after viewing he video with Mario. Gray clearly testified that after reviewing the video and interviewing Mario, he made the sole decision to charge Nakisha Ford. *Id.* at 16-17, 21. 22, 27, 30, 32.

In its sur-reply, the government fails to acknowledge Gray's other testimony that would have made Gray a witness that a reasonably competent lawyer in similar circumstances would have called at trial. Specifically, Gray's testimony that: (1) he relied on nothing that Blakeney said when making the arrest; (2) Blakeney was "hands off" regarding Ford's arrest; and (3) Ford lied to Gray when asked if she had removed the sign from the store. (Gray's Deposition, pp. 30 - 32). It must be remembered that the government's theory at trial was that Blakeney effectuated Ford's arrest by coercing the Samad brothers to write false police reports at the Pine Lawn Police Station. Gray's testimony, however,

-2-

undermines this theory because the decision to arrest Ford was made prior to any alleged misconduct by Blakeney that occurred a the police station. Whether trial counsel was ineffective for failing to call Gray as a witness must be viewed through the prism of what evidence the government presented at trial. Again, a reasonably competent lawyer would have called Gray as a witness as he would have testified as to his charging decision. If Gray had testified, there is a reasonable probability that the outcome of the trial would have been different.

Finally, the government argues that Blakeney "cannot get around the fact that he set in motion the entire criminal scheme to orchestrate the false arrest of Ford." (Doc. 36 at 2). Now, rather than having the Samads make false statements at the police department, the government contends that Blakeney had a more nebulous role in the prosecution of Ford. However, Gray's testimony would have provided reasonable doubt to the jury as to the government's trial theory. Also, the government does not acknowledge April Brooks's statement to the FBI that she observed Ford take the poster and that Mario Samad called 911 prior to Blakeney's arrival at the store. Also, Brooks stated that Sam was not at the store during the incident with Ford. A reasonably competent lawyer in similar circumstances would have called Brooks as a witness. If Brooks's and Gray's testimony would have been presented along with other testimony and evidence set out in Blakeney's § 2255 motion and reply, there is a reasonable probability that the outcome of the trial would have been different. *See Strickland v.*

*Washington*, 466 U.S. 668, 686 (1984).

## CONCLUSION

WHEREFORE, for the foregoing reasons and those stated in his motion filed pursuant to 28 U.S.C. § 2255, and reply to the government's response Blakeney prays that the Court grant him all relief to which he may be entitled in this proceeding.

    Respectfully

    Respectfully submitted,

    LAW & SCHRIENER, LLC

By: *Kevin L. Schriener*
    Kevin L. Schriener 35490MO
    141 North Meramec Avenue, Suite 314
    Clayton, Missouri 63105
    (314) 721-7095 – telephone
    (314) 863-7096 – facsimile
    kschriener@SchrienerLaw.com

## Certificate of Service

      I hereby certify that I filed the foregoing response to the government's sur-reply with the Clerk of the United States District Court for the Eastern District of Missouri to be served by operation of the Court's electronic filing system upon all parties of record this 9th day of August 2019.

                                      */s/ Kevin L. Schriener*
                                      KEVIN L. SCHRIENER